Ramon **GAVILAN–CUATE, Petitioner,**

v.

**Mr. Chuck YETTER, Jail Administrator, Washington County Jail, and Mr. Curtis Aljets, Director, Immigration and Naturalization Service, Respondents.**

No. Civ.99–1042 ADM JGL.

United States District Court,
D. Minnesota.

April 20, 2000.

Patrick J. Page, Guzior & Page, St. Paul, MN, for Petitioner.

Paul Kovac, Office of Immigration Litigation—Civil Division, United States Department of Justice, and Richard Soli, Immigration and Naturalization Service District, for Respondents.

## MEMORANDUM OPINION
## AND ORDER

MONTGOMERY, District Judge.

### I. Introduction

Petitioner filed the instant application for writ of habeas corpus [Doc. No. 1] under 28 U.S.C. § 2241 contesting the underlying statutory basis for his deportation. This matter is before the undersigned United States District Judge pursuant to Respondents' objections to the March 9, 2000 Report and Recommendation ("R & R") [Doc. No. 9] of United States Magistrate Judge Jonathan G. Lebedoff. Specifically, Respondents object to the R & R's: (1) "factual finding" that, according to the United States Attorney,

Petitioner's conviction would not result in deportation; (2) determination that this Court has habeas jurisdiction in the present case; and (3) determination that Petitioner's crime does not constitute an aggravated felony.

## II. Factual Background

The factual and procedural background is adequately set forth in the R & R. The Court incorporates those findings by reference for the purposes of the present objections.[1] In short, Petitioner has been a lawful permanent resident since 1988 and has five children who are United States citizens.

Before the underlying offense, Petitioner had no criminal record. On April 10, 1998, Petitioner pled guilty to violating Title 8 U.S.C. § 1324(a)(1)(A)(ii) and (iii), "Conspiracy to transport and harbor illegal aliens." Under the terms of the Plea Agreement, "[t]he parties agree[d] that the defendant had a minor role in the conspiracy and is entitled to a 2 point reduction under § 3B1.2." Petition for Writ [Doc. No. 1] Attachment 1, *United States v. Ramon Gavilan–Cuate*, CR–97–479–PHX–ROS, Plea Agreement at 3.

Immediately upon completing his four-month imprisonment term, Petitioner was placed into deportation removal proceedings on April 5, 1999. The Immigration and Naturalization Services ("INS") based its initiation of the removal proceedings upon the charge that Petitioner had committed an aggravated felony as defined by section 101(a)(43)(N) of the Immigration and Nationality Act ("INA"). Petitioner has been in INS civil detention for over one year.

## III. Discussion

### A. Standard of Review

A district court must make a *de novo* determination of those portions of a R & R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C), and Local Rule 72.1(c)(2).

### B. Objection to Jurisdiction Analysis

■ Respondents aptly distinguish between the transitional rules and the permanent[2] rules under the regime of the Illegal Immigration Reform and Immigrant Responsibility Act (the "IIRIRA"). While the Eighth Circuit has addressed habeas jurisdiction in the context of the IIRIRA's transitional rules, it has not directly done so in the context of the permanent rules. Therefore, in assessing the availability of habeas jurisdiction under the permanent rules, Judge Lebedoff was properly guided by the Eighth Circuit's transitional rules analysis. *See Shah v. Reno*, 184 F.3d 719, 725 (8th Cir.1999). Moreover, Judge Lebedoff s analysis has been subsequently buttressed by a recent Third Circuit decision directly addressing habeas jurisdiction under the permanent rules. *See Liang v. INS*, 206 F.3d 308 (3rd Cir.2000).[3] *Liang* held that district courts maintain habeas jurisdiction under the permanent rules.

Respondents object to Judge Lebedoff s reliance on the Eighth Circuit's decision in *Shah* (transitional rules) and urge this Court to follow the Fifth Circuit's decision in *Max–George v. Reno*, 205 F.3d 194, 2000 WL 220502 (5th Cir. Feb.24, 2000) that the statutory language of the permanent rules

---

**1.** Respondents object to the R & R's "factual finding that U.S. Attorney concluded that Petitioner's conviction would not result in deportation." Resp. Obj. at 2. The R & R does not purport to "find" that the United States attorney made any representations regarding the deportation issue. Instead, the R & R merely reflects the understanding of Petitioner's counsel in assessing the legal consequences of Petitioner's guilty plea.

**2.** Transitional rules govern those cases stemming from deportation proceedings that began before April 1, 1997. Permanent rules govern those proceedings initiated after April 1, 1997.

**3.** *Liang* was decided on the same day the R & R was issued.

preclude habeas review by the district courts. *See* Resp. Obj. at 3. In *Shah,* the court recognized the split between jurisdiction-favoring and jurisdiction-opposing circuits. *See Shah,* 184 F.3d at 721. The court identified the Third Circuit as jurisdiction-favoring[4] in the transitional rules context of habeas review. *See id.* (citing *Sandoval v. Reno,* 166 F.3d 225, 234–35 (3rd Cir.1999)). Given the Eighth Circuit's expressed preference for following jurisdiction-favoring circuits, this Court finds persuasive guidance from the Third Circuit's decision in *Liang.*

In holding that district courts maintained habeas jurisdiction under the IIRIRA transitional rules, Judge Richard Arnold of the Eighth Circuit wrote:

> We hold that [the Anti-terrorism and Effective Death Penalty Act (AEDPA) and the IIRIRA] do not entirely preclude review on federal habeas corpus of pure questions of law raised by certain lawful permanent residents who are in custody under a final order of deportation. We reach this conclusion partly in order to avoid a difficult question of constitutionality under the Suspension Clause of the Constitution, Article I, Section 9, Clause 2.

*Shah,* 184 F.3d at 720.[5] The court reasoned that neither the AEDPA nor the IIRIRA expressly repealed the section 2241 habeas statute. *See id.* at 724. Relying on *Felker v. Turpin,* 518 U.S. 651, 660–61, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (citing *Ex parte Yerger,* 8 Wall. 85, 105, 19 L.Ed. 332 (1868)), the court emphasized that Congress must be explicit when repealing section 2241 habeas jurisdiction. *See id.* The court added:

---

4. The court also identified the First, Second, Ninth, and Eleventh Circuits as jurisdiction-favoring. Accordingly, Judge Lebedoff based his analysis on cases favored by the Eighth Circuit: *Goncalves v. Reno,* 144 F.3d 110, 121 (1st Cir.1998); *Henderson v. INS,* 157 F.3d 106, 112 (2nd Cir.1998).

5. Similarly, in *Liang,* the Third Circuit has recognized the "difficult question of constitutionality:"

---

> Personal liberty, even the liberty of a non-citizen, is precious. That is why habeas corpus is mentioned in the express words of our original Constitution. The pretension, by an official of the Executive Branch, that someone can be imprisoned without review by any outside authority is one we are reluctant to accept. It is exactly for this reason that the law requires Congress, if it wishes to accomplish any such result, to say so in terms. It has not done so here.

*Id.* at 724. Because the court in *Shah* expressed no view as to whether the permanent rules of the IIRIRA exclude habeas corpus review from the district courts' jurisdiction, Judge Lebedoff closely followed the court's reasoning in his own analysis. *See id.* at 725.

As done in *Shah,* Judge Lebedoff relied on the Supreme Court's analysis under the *Yerger* and *Felker* line of cases to determine that the IIRIRA's permanent rules do not expressly manifest an intent to repeal the habeas corpus jurisdiction under 28 U.S.C. § 2241. The Third Circuit followed a similar analytical scheme by relying on its analysis of habeas jurisdiction under the transitional rules to assess the availability of habeas jurisdiction under the permanent rules. *See Liang,* 206 F.3d at 313.

*Liang* addressed the Fifth Circuit decision in *Max–George* that interpreted the permanent rules as precluding the district courts' habeas jurisdiction. *See id.* at 319–20. In a previous decision, the Fifth Circuit had interpreted the transitional rules as preserving the district courts' habeas jurisdiction but had implied that the permanent rules precluded habeas jurisdic-

> The imperative to avoid a constitutional crisis that might arise were the writ of habeas corpus effectively suspended or were there no viable means for judicial review of constitutional claims necessarily affects, even if indirectly, the construction of the relevant statutory provisions.

*Liang,* 206 F.3d at 312.

tion. *See id.* (citing *Requena–Rodriguez v. Pasquarell,* 190 F.3d 299, 305–06 (5th Cir. 1999)).

The court in *Liang* strongly disagreed with the Fifth Circuit's analysis in *Max–George* : [6]

> There is no reason why the jurisdictional ruling in this case under the permanent rules should be any different than that we reached under the transitional rules. Although the text of these provisions differ somewhat from the sections of the transitional rules that were considered in *Sandoval,* those sections, AEDPA §§ 440(a), 401(e), IIRIRA § 309(c)(4)(G), and INA § 242(g), used language comparably comprehensive. Indeed, the phrase 'notwithstanding any other provision of law' in INA § 242(a)(2)(C) also appears in INA § 242(g) which we did consider in *Sandoval.*

*Id.* at 317. The court recognized that the *Max–George* decision is at odds "with the reasoning of other courts of appeals that have read *Yerger* and *Felker* to require explicit statutory reference to habeas or § 2241 to effect congressional appeal of habeas jurisdiction." *Id.* at 320 (citing, *inter alia, Shah,* 184 F.3d at 724).

In *Shah,* this circuit's court of appeals read *Felker* to require that a repeal of habeas jurisdiction not be found by mere implication. Accordingly, there being no express reference to repeal of section 2241, this Court has jurisdiction to review Petitioner's habeas corpus petition.

## C. Objection to Analysis of Aggravated Felony

 Respondents object to Judge Lebedoff s statutory interpretation determining that the "relating to alien smuggling" language of INA § 101(a)(43)(N) does not encompass Petitioner's offense as an aggravated felony. *See* Resp. Obj. at 8. Specifically, Respondents maintain that the R & R disregarded the *Chevron* principle of

deferring to administrative "interpretations of ambiguous provisions …" *Id.* at 9 (citing *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). In *Shah,* the Eighth Circuit considered whether AEDPA's section 440(d)'s restrictions on section 212(c) relief applied retroactively to certain immigrants. The court reasoned that:

> the question is one of "pure" law, so to speak: it involved no expertise, no application of administrative experience to a technical subject. It is the sort of question courts decide all the time. Accordingly, it is difficult for us to see why the Attorney General's construction of the statute is entitled to deference under *Chevron* [.]

*Shah,* 184 F.3d at 724. Judge Lebedoff properly construed the statutory language to find that Petitioner's offense does not constitute an aggravated felony.

## IV. Conclusion

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The March 9, 2000 Report and Recommendation of United States Magistrate Judge Jonathan Lebedoff [Doc. No. 9] is **ADOPTED IN ITS ENTIRETY**; and

2. The Petition for a Writ of Habeas Corpus [Doc. No. 1] is **GRANTED**.

---

**6.** The Court notes that, in contrast to *Max–George,* several amici briefs were filed in *Liang.*