# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2599MN

_____

| | | |
|---|---|---|
| Ramon Gavilan-Cuate, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | On Appeal from the United |
| | * | States District Court |
| Chuck Yetter, Jail Administrator, | * | for the District of |
| Washington County Jail; Curtis Aljets, | * | Minnesota. |
| District Director, Immigration and | * | |
| Naturalization Service, | * | |
| | * | |
| Appellants. | * | |

_____

Submitted: October 17, 2001

Filed: January 9, 2002

_____

Before BOWMAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

The United States appeals from an order of the District Court for the District of Minnesota granting Ramon Gavilan-Cuate's petition for a writ of habeas corpus to determine whether his conviction of conspiracy to transport and harbor illegal aliens is an "aggravated felony" as defined by the Immigration and Nationality Act. 8 U.S.C. §§ 1101(a)(43)(N), 1324 (a)(1)(A)(ii) and (iii). The government argues that this Court should reverse the District Court's decision to grant the petition because

this issue was presented and decided by this Court when it dismissed Gavilan-Cuate's direct appeal in 1999. We agree with the government's argument and reverse the decision of the District Court.

I.

In April 1998, Gavilan-Cuate pleaded guilty to conspiracy to transport and harbor illegal aliens, in violation of 8 U.S.C. §§ 1324 (a)(1)(A)(ii) and (iii). Following his conviction, the Immigration and Naturalization Service served Gavilan-Cuate with a Notice to Appear before an immigration judge, stating that he was subject to removal from the United States as an alien convicted of an "aggravated felony." See 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1101(a)(43)(N) (defining an aggravated felony as "an offense described in paragraph (1)(A) or (2) of section 1324(a) of this title (relating to alien smuggling)"). The immigration judge found Gavilan-Cuate "removable as charged and ordered him removed to Mexico." Brief for Appellant 9. Gavilan-Cuate appealed to the Board of Immigration Appeals (BIA). Before the BIA, Gavilan-Cuate's sole argument was that his crime of conviction did not constitute an aggravated felony. The basis for his argument was that he was involved only in transporting and harboring aliens once they were within the United States, rather than actually smuggling aliens across the border. The BIA dismissed his appeal and determined that Gavilan-Cuate was convicted of an aggravated felony, making him subject to removal.[1]

In November 1999, Gavilan-Cuate filed a petition with this Court asking us to review the Final Order of Removal issued by the BIA. The government responded by arguing that this Court should dismiss Gavilan-Cuate's appeal because we lacked

_____

[1]The BIA relied on Matter of Ruiz-Romero, Int. Dec. 3376 (BIA 1999) (finding that a conviction of transporting an illegal alien within the United States is an aggravated felony under 8 U.S.C. § 1101(a)(43)(N)). Appendix of Appellant 221.

jurisdiction to review final orders of removal against aliens convicted of aggravated felonies. However, the government conceded that this Court did have the jurisdiction to determine "the preliminary jurisdictional fact of whether petitioner's crime for which he was convicted and upon which he was ordered removed constitute[d] an aggravated felony." Appendix for Appellant 305. See Hall v. INS, 167 F.3d 852, 855 (4th Cir. 1999) (stating that a court may determine "whether the petitioner is an alien, and whether he has been convicted of one of the enumerated offenses"). We determined that Gavilan-Cuate had been convicted of an aggravated felony and was removable. Therefore, we dismissed Gavilan-Cuate's appeal because we lacked jurisdiction to review final orders of removal against aliens convicted of certain criminal offenses, including aggravated felonies. See 8 U.S.C. § 1252(a)(2)(C).[2]

The instant appeal arises from Gavilan-Cuate's petition for habeas corpus in the District Court to answer the same question raised in our Court, whether Gavilan-Cuate's conviction for conspiracy to transport and harbor illegal aliens was an aggravated felony. The District Court granted the petition and determined that Gavilan-Cuate's conviction was not an aggravated felony. Gavilan-Cuate v. Yetter, 94 F. Supp. 2d 1039 (D. Minn. 2000). The government appeals this ruling. Because we dismissed Gavilan-Cuate's direct appeal on the basis that he had committed an aggravated felony and was subject to removal, we reverse the District Court's decision.

---

[2]This statute states, "[n]otwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title . . .." See 8 U.S.C. § 1252(a)(2)(C). Gavilan-Cuate v. INS, No. 99-4045 (8th Cir. January 24, 2000) (order dismissing appeal).

## II.

In this case, our prior decision is conclusive. Though a jurisdictional determination is not usually binding on future proceedings, it is binding as to issues that are addressed by the Court in determining the jurisdictional question. In 1999, Gavilan-Cuate appealed the finding that his crime of conviction was an aggravated felony as described in 8 U.S.C. § 1101(a)(43)(N) to this Court. Though the government argued that we lacked jurisdiction to hear Gavilan-Cuate's appeal, we did have jurisdiction to determine preliminary jurisdictional facts, such as whether Gavilan-Cuate's crime constituted an aggravated felony making him removable. We dismissed Gavilan-Cuate's appeal because we lacked jurisdiction to review final orders of removal against aliens convicted of aggravated felonies. Because our dismissal was premised on the fact that Gavilan-Cuate was convicted of an aggravated felony, that decision is binding on this proceeding.

Accordingly, the District Court's decision is reversed, and the cause remanded with directions to dismiss the petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-